FILED
in the Clerk's Office
U.S. District Court
Eastern District of New York

August 18th 2020

Brooklyn Office

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JACQUELINE SILVER

---Plaintiff---

**COMPLAINT**      20-CV-3868

Docket No:      CHEN, J.
Demands A Trial By      TISCIONE, M.J.
Jury

---Against---

The City of New York, NYPD
Detective Michael Galgano, Shield
number 3292, as a as a individually
and Police Officer- 109 Precinct

---Defendants---

## PARTIES, JURISDICTION AND VENUE

Plaintiff, Jacqueline Silver, is a 54 year old female, who at all times, relevant to this action, was a resident of Queens, New York. As a complaint against the defendants allege as follows

Defendant, City of New York, ("NYC"), is a municipality within the State of New York, which includes Queens County. NYC maintains a police department, the NYC Police Department, ("NYPD"), which is an agency of the municipality. Defendant, City of New York, (N.Y.C.), is authorized by law to maintain the New York City Police Department, which acts as it's agent in the area of law enforcement, and defendant City of New York is ultimately responsible for the NYPD

and assumes the risks incidental to the maintenance of it and its employees.

At all times relevant herein, the individual defendant was acting under color of state law in the course and scope of their duties and functions as agents, servants and employees and officers of the NYPD. They were acting for and on behalf of the NYPD and before and all relevant times , with the power and authority vested in them as officers, and agents and employees of the NYPD .

That defendants were at all times herein mentioned police officers and detectives employed by the City of New York, under direction of defendant "CITY" and were acting in furtherance of the scope of their employment, acting under color of law, to wit, acting under color of statutes , policies , regulations , ordinances, customs and usages of the State of New York and/or the City.

During all times relevant to this complaint, the above defendants, separately and in concert, engaged in acts of omissions, which constituted deprivation of constitutional rights, and privileges of Ms. Silver, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead illegal, improper, gratuitous and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and civil order.

During all times relevant to this complaint, the defendants and each of them had the power and obligation to restrain the other defendants from falsely arresting

Plaintiff Silver on charges with no probable cause, charges that are baseless, insufficient false where no investigation could have possible been made. The other defendants had the power to restrain Detective Galgano and the defendant that was in the unmarked car the morning of my arrest from unlawfully arresting Plaintiff and violating the law and rights of Ms. Silver, but each of the defendants failed in doing this and thereby became a party to unlawfully subjecting plaintiff Silver to denial of basic rights and undue mental anguish.

That NYPD, is a local government agency, duly formed and operated under by the laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policy, practice and customs of the NYPD as well as the hiring training, screening supervising, and disciplining of its police officers and civilian employees. This action arises under the United States Constitution, as well as the Civil Rights Act and Section 1983.

Each and all acts of the defendants alleged herein were done by the defendants, while acting as state actors acting under the color of law and within the scope of their employment by defendant the City of New York.

All defendant officers are being sued in their individual and official capacities. Each and all acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

Jurisdiction in this court is founded upon the existence of a Federal question. This action is brought pursuant to 42 U.S.C. 1983 and statutory and constitutional provisions.

**Venue-** is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. 1391 (a) (b) and (c) and because the claims arose and plaintiff resided in this district during the time of the arrest and the time of the crimina proceeding. Plaintiff Silver further invokes the pendent jurisdiction of this court to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case of controversy that gives rise to the federally based claims and causes of action.

**PRELIMINARY STATEMENT/FACTUAL ALLEGATIONS**

This is a civil action for monetary relief for compensatory and punitive damages pursuant to 42 USC section 1983 and 1988, for violations of Ms. Silvers civil rights as secured by said statutes and the constitution of the United States and the Constitution and laws of the State of New York. Ms. Silver seeks this relief against the defendants and other and further relief as the court seems just and proper. This action is grounded upon by wrongful, unlawful and improper acts including , without limitation, false arrest, unlawful imprisonment, abuse of process, and violations of public and police duties and obligations. Ms. Silver was deprived of her rights when Detective Galgano invaded my privacy and without probable cause when I was sitting in my car right before I was arrested with no lawful authority. Detective Galgano caused the unjustifiable arrest of Ms. Silver. Detective Galgano used excessively tight handcuffing. Plaintiff was already injured on her two knees and back, which Galgano exasperated the injuries. Plaintiff was deprived of her constitutional and common

law rights when she was falsely arrested by above defendants.

On August 17, 2017, at approximately 9:45 am, Jacqueline Silver, plaintiff was sitting across the street and on the side of the home, in her 2004 Honda Civic, when out of nowhere an unidentified black car abruptly pulled over to the side of her car, came over to plaintiff and told me to pull over to the side of the street, this was done without provocation or cause, After I did that Detective Galgano told me to get out of the car and he put handcuffs on me (they were very tight) caused abrasions on my wrists and unlawfully arrested me and took me to the 109 Precinct where he had me confined to a little room with no windows, (I am claustrophobic) and he had me handcuffed to a pole that was attached to the wall, like a hard core criminal and animal. Plaintiff was detained for an excessive period of time and maliciously abused process against.

The address where Ms. Silver resided was 38-17 212th Street, Bayside, New York, county of Queens.

Plaintiff was sitting in the tiny room with no air and windows for hours until she was fingerprinted and processed, then transported to a cell in the 109 precinct and was held their for hours until I was given a DAT ticket. The conditions were unbearable which caused plaintiff mental anguish, fear, anxiety and frustration amongst other manifestations. Plaintiff was also subjected to violations to my right to free speech and malicious prosecution, infliction of emotional distress, abuse of power by Galgano. Once at the 109 Precinct plaintiff was fingerprinted, photographed and placed in a

holding cell for approximately (3) hours.

At the 109 precinct, Detective Galgano charged me with half a dozen false charges ranging from harassment to stalking and menacing. After the arrest paperwork was done plaintiff was released and issued a Dat ticket.

Upon information and belief, the officers at the NYPD have been engaging in improper practices and procedures for years. Pursuant to the Daily News in last weeks edition, a police officer from the 109 Precinct ,where Ms. Silver got wrongfully arrested a police officer himself got arrested for tampering with evidence.

Defendants individually and collectively knew at the time of Ms. Silvers unlawful arrest and at all times since then, that the evidence or lack of evidence that they had in connection to the charges that were brought against the Plaintiff was false insufficient, outrageous with no legal basis , lies, with no dates, names of places and times , to prove the Plaintiff was guilty of these charged crimes. One of the charges if investigated the defendants would've known that this was a lie .

Defendants engaged in misconduct, failed to adhere to regulations, rules and procedures and wholly failed to investigate. Upon information and belief, prior to the August 17th, 2017 arrest, defendant CITY , were aware of and tolerated its police officers unlawfully arresting its persons.

Defendant CITY , tolerated and permitted the above egregious and improper conduct by failing to prosecute or effectively discipline the defendant officers. As a result of such failure on behalf of the CITY, defendant detective and police officers ,

were caused to and encouraged to believe that individuals could be falsely arrested, prosecuted and imprisoned under circumstances requiring the use of falsified information.

Plaintiff alleges numerous constitutional violations under Section 1983, which includes, but is not limited to, failure to follow proper protocols and policies, false arrest, false imprisonment and abuse of process all of which supports Plaintiffs claims for violations of her constitutional rights.

Plaintiff alleges that the defendants failure to investigate, follow proper protocols and policies as it relates to the incident involving Plaintiff on August 17th, 2017, which constituted violations of Plaintiffs constitutional rights under the FOURTH and FOURTEENTH amendments. This behavior was malicious and intentional.

On or about August 17th, 2017, plaintiff was falsely arrested, detained, deprived of her freedom, and unlawfully imprisoned in violation of her civil and constitutional rights afforded to Ms. Silver via the FOURTH amendment and via the due process clause of the FOURTEENTH amendment of the US Constitution as well as 42 U.S.C Section 1983. All acts by the defendants were committed under color of law, therefore depriving plaintiff of rights secured by Federal law and the United States Constitution.

On or about August 17th, 2017, defendants Galgano, CITY and NYPD, falsely arrested and falsely detained Ms. Silver, depriving her of her freedom and ability to be free. Defendants were of the knowledge that plaintiff committed no crime.

Plaintiff was aware of her confinement and didn't consent to it. As part of the

false arrest, false accusations, and detention, defendants caused the plaintiff to be falsely detained, arrested, imprisoned and deprived of her liberty without probable cause. Furthermore, as a direct result of said actions, the plaintiff was unjustly humiliated, exposed to disgrace, lost her process serving license (which she can no longer serve papers in the boroughs, causing her to be unemployed, got evicted from two apartments and was left homeless due to this false and unlawful arrest. Plaintiff was also exposed to embarrassment, injury and public humiliation.

In arresting and detaining Plaintiff, defendants knew or should have known that they were violating Federal law and the plaintiffs constitutional rights, set forth herein and caused to harm the plaintiff. Each of the defendants acted without authorization of law, willfully, knowingly and purposely with the specific intent to deprive Ms. Silver from illegal imprisonment and detention, all rights that are secured to her by the Fourth amendment, the due process clause of the Fourteenth Amendments of the United States Constitution and by 42 U.S.C. Section 1983. As a direct and proximate result of the aforesaid acts committed by each and every defendant, plaintiff suffered mental anguish, physical harm, and violations of rights from then until now and plaintiff will continue to suffer in the future having been greatly humiliated and mentally injured as a result of the foregoing acts of the defendants.

That by reason of the foregoing, Ms. Silver has been exposed to injury of her person, disgrace, humiliation, embarrassment, and has been damaged in the sum of 600,000 (SIX HUNDRED THOUSAND DOLLARS) and punitive damages.

Pursuant to 28 U.S.C. 1367, the court has supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourteenth Amendment of the United States Constitution, the court has jurisdiction to hear the federally based claim.

In addition to permitting a pattern and practice of falsely arresting persons, CITY has failed to maintain a proper system for investigating the false and illegal arrests by their employees/agents. The CITY has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers that deprive persons of their civil rights.

The system got so bad that the CITY allows and tolerates the unlawful conduct of the police officers and the false arrests that are made by the police department.

As a direct and proximate result of the aforesaid acts, omissions, systematic flaws policies and customs of the CITY, Defendants , Ms. Silver was unjustly treated, arrested without probable cause, wrongfully detained, in violation of her civil and constitutional rights causing her mental anguish, physical harm, and violations of rights from then until now and plaintiff will continue to suffer in the future having been greatly humiliated and mentally injured as a result of the foregoing acts of the defendants.

That by reason of the foregoing , Ms. Silver has been exposed to injury of her person, disgrace, humiliation , embarrassment. all rights that are secured to her by the Fourth amendment, the due process clause of the Fourteenth Amendments of the United States Constitution and by 42 U.S. C. Section 1983.

Defendants accusations and allegations against Plaintiff was false, intentional, reckless and wrongful . That the false arrest, false imprisonment, violation of the laws of the state of New York and the plaintiffs civil rights were brought about and caused by the defendants and that the same was a clear intentional abuse of process causing Ms. Silver injury and damages. All rights that are secured to her by the Fourth amendment, the due process clause of the Fourteenth Amendments of the United States Constitution and by 42 U.S. C. Section 1983.

That by reason of the foregoing , Ms. Silver has been exposed to injury of her person, disgrace, humiliation , embarrassment, and has been damaged in the sum of 600,000 (SIX HUNDRED THOUSAND DOLLARS) and punitive damages.

Defendants had a duty under 42 U.S.C. Section 1983 as well as under the Fourth, Five , Sixth and Fourteenth Amendments, and under NY State Law, and under their own laws and regulations, to prevent and seize the wrongful detainment , false arrest, false detainment, false /trumped up bogus charges and to prevent wrongful acts against plaintiff.

In failing to prevent the above stated abuses incurred by Ms. Silver ,all the defendants acted negligently and unreasonably in failing to exercise the slightest amount of due care to protect the civil and constitutional rights of Ms. Silver against false arrest and imprisonment and other due process violations.

The breach of duty by the defendants, was a direct and proximate cause of

harm suffered by the plaintiff, which includes physical harm, monetary expenses, pain and suffering, personal humilitation, loss of process serving job due to the false arrest (license wasn't renewed) , damage to reputation and loss of standing in the community.

All the foregoing occurred without any provocation or fault of Plaintiff.

That by reason of the foregoing , Ms. Silver has been exposed to injury of her person, disgrace, humiliation , embarrassment, and has been damaged in the sum of 600,000 (SIX HUNDRED THOUSAND DOLLARS) and punitive damages.

As a result of the defendants conduct, Ms. Silver has been subjected to unlawful detention, due process violations, humiliation, anxiety, fear, emotional harm, physical harm and pecuniary loss.

The false arrest, false imprisonment, and deprivation of due process , by the individually named defendants, caused plaintiff to sustain physical damage, mental anguish, psychological and emotional trauma. Plaintiff also sustained economic loss as a result of the false arrest, false imprisonment, and deprivation of due process.

As a direct result of the defendants conduct, plaintiff continues to suffer loss of work and career opportunities, loss of income, and has suffered and continues to suffer repeated severe psychological, emotional and physical trauma. Plaintiff has Plaintiff has suffered immensely due to the civil rights violations and false arrest.

## JURY DEMAND

Plaintiff hereby demands trial by jury off all issues properly triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief as follows; that the jury find and the court adjudge and decree that plaintiff Jacqueline Silver shall recover compensatory damages in the sum of ( 600,000) , Six Hundred Thousand Dollars. against the individual defendants jointly and severally, together with interests and costs, and punitive damages in the sum of (600,000) six hundred thousand dollars, against the individual defendants jointly and severally.

That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: Great Neck, New York
August 17th, 2020

8.18.20
I spoke to a clerk of this court yesterday re: drop box and he told me that it closes at 6pm.
I just came now 8.18.20 and the security told me you can drop papers in any time

Respectfully Submitted;
Jacqueline Silver
Pro Se Plaintiff
718-551-4245
718-678-7325

Jacqueline Silver