

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 Church Street
NEW YORK, NY 10007

**JOSHUA KAUFMAN**
Phone: (212) 356-3521
Fax: (212) 356-1148
Email: jokaufma@law.nyc.gov
*Assistant Corporation Counsel*

November 12, 2021

**VIA ECF**
Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: <u>Jacqueline Silver v. City of New York,</u> 20-CV-3868 (DG) (ST)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of York, and the attorney for defendant Detective Michael Galgano and City of New York (collectively "defendants"). Defendants respectfully requests that the Court dismiss plaintiff's Complaint dated August 8, 2020 [*See* Docket Entry Number 1] pursuant to Rules 41 and 37 of the Federal Rules of Civil Procedure ("FRCP") for her failure to prosecute this action. Specifically, Plaintiff has not provided this Office with a release for access to plaintiff's sealed records pursuant to NYCPL §§ 160.50 and 160.55 ("release"), notwithstanding five Court orders requesting that plaintiff provide this Office with same. See Docket Entry Number 18, Electronic Order dated July 12, 2021, Docket Entry Number 25, Docket Entry Number 27 and Electronic Order dated August 26, 2021, respectively. Plaintiff has also failed to appear at two court conferences, scheduled for March 18, 2021 and August 6, 2021. See Docket Entry Numbers 18 and 27. This is defendants' first motion to dismiss the complaint for failure to prosecute and failure to comply with a Court Order.

  I.  **<u>Procedural Background</u>**

  Pro se plaintiff's Complaint dated August 18, 2021 alleges *inter alia*, claims for false arrest, malicious prosecution, and infliction of emotional distress in connection with plaintiff's arrest on August 17, 2017. *See* Docket Entry No. 1, Complaint, at page 5. On November 30, 2020, December 28, 2020 and February 22, 2021 the undersigned sent plaintiff a release for access to plaintiff's sealed records pursuant to NYCPL §§ 160.50 and 160.55 ("release"), as plaintiff's arrest records

1

associated with this underlying lawsuit were sealed. *See* Docket Entry Number 16. In an order dated March 3, 2021, the Court scheduled a conference for March 18, 2021 whereby the Court would discuss, *inter alia*, the status of plaintiff's failure to provide the undersigned with the release. *See* Electronic Order dated March 3, 2021.

The undersigned appeared for the telephonic conference scheduled for March 18, 2021, but plaintiff did not. *See* Docket Entry 18. In that same order, the Court ordered plaintiff to provide the undersigned with a copy of the release by April 1, 2021. *See Id*. In a letter dated April 13, 2021, the undersigned wrote to the Court informing the Court that defendants did not receive a copy of the release. *See* Docket Entry Number 20.

On June 1, 2021, the undersigned received text messages from plaintiff whereby plaintiff verbally threatened the undersigned. *See* Docket Entry Number 31.

On June 29, 2021, plaintiff filed a letter motion addressed to District Court Judge Gujarati requesting "the judge to intervene in the above action." See Docket Entry Number 22, page 1. In that motion, plaintiff admitted that she received "four or five letters to [her] po box." See Id. Plaintiff also admitted she "refused to open them," on the grounds that the letters are "irrelevant because I NEVER signed any consent form. *Id.*

In a Court order dated July 9, 2021 Your Honor denied plaintiff's "motion to intervene" and further referred this matter to Magistrate Judge Tiscione for pre-trial supervision. *See* Electronic Order dated July 9, 2021. Thereafter, Magistrate Judge Tiscione ordered defendants to file a status report no later than July 19, 2021 indicating whether plaintiff " has provided properly executed releases." *See* Electronic Order dated July 12, 2021. Defendants filed that status report on July 19, 2021 indicating that they have not received the release. *See* Docket Entry Number 24.

In a Court order dated July 20, 2021, Magistrate Judge Tiscione scheduled another conference for August 6, 2021 in which the Court directed plaintiff to "show cause why this case should not be dismissed for failure to prosecute and failure to comply with Court orders. *See* Docket Entry Number 25. While defendants attended the August 6, 2021 conference, plaintiff did not. *See* Docket Entry Number 27. As a result, the Court stated that it would "recommend that this matter be dismissed for failure to prosecute.[1] *See Id.*

---

[1] Of note, *pro se* plaintiff filed another complaint dated December 20, 2020, alleging a claim for, *inter alia* false arrest. *See* 20-CV-6348 at Docket Entry Number 1, Complaint. The undersigned sent plaintiff a release on February 2, 2021 as well as March 29, 2021, yet plaintiff failed to return an executed copy. Like in the case discussed herein, plaintiff was ordered by the Court on four occasions including May 6, 2021, June 14, 2021, July 23, 2021, and August 10, 2021 to provide an execute copy of the release, yet to date, plaintiff has not. *See* 20-CV-6348 Electronic Order dated May 6, 2021, Docket Entry Number 17, Docket Entry Number 23, and Docket Entry Number 24. Further, plaintiff missed two court conferences dated June 11, 2021 and August 6, 2021. See Docket Entry Numbers 17 and 24 respectively. Accordingly, in 20-CV-3868 at Docket Entry Number 27, your Honor also indicated that he would be recommending that 20-CV-6348 would be dismissed as well.

On August 18, 2021, and for reasons not entirely clear, plaintiff filed another motion for reconsideration in light of her previous motion to intervene. See Docket Entry Number 30. On August 26, 2021 the Court denied plaintiff's motion for reconsideration and further ordered that plaintiff "is DIRECTED to comply with all orders issued by Judge Tiscione, including orders to appear before him. *See* Electronic Order dated August 26, 2021.

In a letter dated September 22, 2021 the undersigned filed a status letter respectfully requesting that Magistrate Judge Tiscione dismiss plaintiff's complaint on the grounds that plaintiff has failed to prosecute this matter even after the Court indicated that this case would be recommended to be dismissed for plaintiff's failure to prosecute. *See* Docket Entry Numbers 31 and 27 respectively.  In a letter dated September 28, 2021, plaintiff filed a letter requesting "an extension of time (of thirty days) to submit an appeal," on the grounds, *inter alia,* that the Jewish Holidays in the month of September had prevented plaintiff from appealing this case. *See* Docket Entry number 32.  In an Electronic Order dated October 8, 2021, your Honor granted plaintiff's request for an extension of time to November 4, 2021. As of the date of this motion, plaintiff has not filed any "appeal" on the Court's Docket. *See generally,* Docket Sheet.

## II.       Plaintiff Has Failed to Prosecute Her Case Pursuant to FRCP 41(b)

Defendants respectfully request  that the Complaint be dismissed pursuant to FRCP 41(b) on the ground that plaintiff has failed to prosecute this action due to her failure to (1) provide the undersigned with a duly executed copy of the release despite five Court Orders; (2) her failure to appear at two court conferences and (3) her failure to comply with multiple court order or meaningfully engaged in this civil action in any manner whatsoever. .

Pursuant to FRCP 41(b), the Court is invested with the discretionary authority to dismiss a complaint for failure of a plaintiff to prosecute his claims. Rule 41(b) provides that [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FRCP 41(b). "The Second Circuit has stated that 'the primary rationale underlying dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently.'" *Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) (quoting *Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Additionally, the Second Circuit held that failure to prosecute "can evidence itself in an action lying dormant with no significant activity to move it…." *Lyell Theatre Corp.*, 682 F.2d at 42.  Plaintiff has the ultimate obligation of moving the case to trial, and "'[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by the plaintiff.'" *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)). Should plaintiff fail to move his case to trial in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct. *Id.* Because dismissal is a matter of the district court judge's discretion, a judge may, even without notice to the parties, dismiss a complaint for lack of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962).

> The Second Circuit, looks to five factors in determining to dismiss a suit for failure to prosecute:  (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right

to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 575 ( 2d Cir. 2009) (quoting *United States ex rel. Drake* v. *Norden Sys.*, *Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Further, the Second Circuit has stressed that "[n]o one factor is dispositive." *U.S. ex rel. Pervez v. Maimonides Med. Ctr.,*415 F. App'x 316, 317 (2d. Cir. 2011). Here, the five factors weighs in favor of dismissal for the following reasons:

### A) Duration

When considering the length of the delay, courts consider "(1) whether the delays were attributable to the plaintiff and (2) the duration of the delay. *See Drake,* 375 F. 3d at 255 (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2011)). Here, the first factor weighs in favor of dismissal because the delay in this case is solely attributable to plaintiff, as plaintiff has still not provided the undersigned with a copy of the release. Plaintiff filed her Complaint dated August 18, 2020 alleging *inter alia*, claims for false arrest, malicious prosecution, and infliction of emotional distress in connection with plaintiff's arrest on August 17, 2017. *See* Docket Entry No. 1, Complaint, at page 5. Because the arrest records associated with the underlying lawsuit were sealed, the undersigned sent plaintiff a release for access to plaintiff's sealed records pursuant to NYCPL §§ 160.50 and 160.55on November 30, 2020, December 28, 2020 and February 22, 2021. Further, the Court ordered plaintiff to produce a duly executed copy of same on multiple occasions. *See* Docket Entry Number 18, Electronic Order dated July 12, 2021, Docket Entry Number 25, Docket Entry Number 27, and an Electronic Order dated August 26, 2021 respectively. As of the date of this motion, the undersigned has not received a copy of the release, and instead, the undersigned has received a series of text messages including threats that the undersigned will be "reported to bar association for fraud." *See* Exhibit B, Silver Text Messages Dated June 1, 2021.

Further, the duration of plaintiff's delay warrants dismissal. *See Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing cases dismissing after delays as short as three months); *see also Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing plaintiff's case after a delay of three months where the plaintiff failed to take any step in litigating the case for three months.)

Here, plaintiff has delayed this case for roughly one year, as the undersigned first asked plaintiff for a duly executed copy of the release on November 30, 2020, but plaintiff has still not returned a duly executed copy of same. In fact, plaintiff's refusal to return a duly executed copy of the release has grounded this case to a halt because it precludes defendants from attaining the relevant documents required to litigate plaintiff's claims. Accordingly, the first factor weighs in favor of dismissal as both the time of plaintiff's delay as well as reason for the delay is attributable to plaintiff.

### B) Notice

The second factor also weighs in favor of dismissal because plaintiff has not demonstrated her willingness to meaningfully participate in this lawsuit. Here, plaintiff was explicitly put on notice when plaintiff was ordered to "appear for a telephone conference on August 6, 2021 and show cause why this case should not be dismissed for failure to prosecute and failure to comply with Court orders. *See* Docket Entry Number 25. The undersigned mailed plaintiff a copy of that Order, and filed an affidavit of service on the Court's Docket. *See* Docket Entry Number 26.Plaintiff failed to appear for the aforementioned conference and in a Minute Entry dated August 10, 2021, United States Magistrate Judge Tiscione stated that the "Court will recommend that this matter be dismiss for failure to prosecute." *See* Docket Entry Number 27. Instead, and for reasons not entirely clear, plaintiff filed a motion for reconsideration. *See* Docket Entry Number 28. Your Honor denied that motion for reconsideration. *See* Electronic Order dated August 26, 2021. To date, plaintiff has still not provided the undersigned a copy of the release, despite being on notice that providing a copy of same was ordered by the Court. Accordingly, plaintiff has been put on notice of her obligation to provide the undersigned with a duly executed copy of the release as well as the potential for dismissal in the event plaintiff did not. As a result, the second factor weighs in favor of dismissal as plaintiff has been provided ample notice

### C) Prejudice

Regarding the third factor, defendants have been prejudiced by plaintiff's delay in litigating this cases because a "presumption of prejudice is particularly appropriate where… the plaintiff's delay was prolonged." *William v. City of New York*, 771 Fed. Appx. 94, 95 (2d Cir. 2019) quoting *Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 195 (2d Cir. 1999). Moreover, "when a plaintiff offers no reasonable excuse for the delay, prejudice to the defendant is presumed because, as litigation drags on, evidence can be lost and discovery becomes more difficult." *Montanez-Garcia v. City of New York*, 16 Civ. 6479 (LAP), 2018 U.S. Dist. LEXIS 106807, at *5-6 (S.D.N.Y. June 25, 2018). Here, defendants respectfully submit that a denial of the instant motion, would result in prejudice to defendants by requiring this office to continue to defend this action without the benefit of plaintiff's participation. Plaintiff has displayed a total unwillingness to litigate this matter, despite the fact that plaintiff has been explicitly ordered to furnish a duly executed copy of the release to defendants. *See* Docket Entry Number 25 and the Electronic Order dated August 26, 2021. Instead, plaintiff continues to delay this litigation resulting in the undersigned continuing to exhaust resources into the litigation process. At this juncture, the defense of this matter cannot move forward without plaintiff's participation in the litigation process and as a result, the third factor weighs in favor of dismissal.

### D) Balancing of Factors

With regard to the fourth factor, the Court, as well as defendants, have spent time and effort managing this case without any indication that plaintiff intends to do the same. Denying the instant motion would burden the Court's already overcrowded docket with a case that plaintiff is intentionally complicating by failing to provide the undersigned with a copy of the release. The obligation to move a case to trial is on plaintiff, thus, "dismissal is warranted where there is a lack of due diligence in the plaintiff's prosecution of the lawsuit by plaintiff." *West v. City of New York,* 130 F.R.D. 522, 524 (S.D.N.Y. 1990). Here, as enumerated herein, plaintiff has blatantly and inexplicably failed to respond to three of the undersigned's letters requesting a duly executed copy

of the release. Further, plaintiff failed to attend a conference dated August 6, 2021 whereby plaintiff was ordered to show cause why this instant case should not be dismissed. *See* Docket Entry Number 27. Further, in an Electronic Order dated August 26, 2021, your Honor ordered plaintiff to comply with "all orders issued by Judge Tiscione." To date, plaintiff has not followed those orders as plaintiff has failed to provide the undersigned with a copy of the release. Accordingly, the balancing should weigh in favor of judicial efficiency, and this case should be dismissed.

### E) Dismissal is the efficient course of action

Finally, regarding the fifth factor, because plaintiff has failed to indicate that she has an interest in litigating this case, any sanction less than dismissal would be ineffective. Four-hundred and forty-seven (447) days have elapsed since plaintiff has filed her Complaint. *See* Docket Entry Number 1. As stated herein, roughly one year has elapsed since the undersigned's first request for plaintiff to provide a duly executed copy of the release. To date, the undersigned has still not received a duly executed copy of same. If plaintiff was interested in litigating this case, she could have written to the Court indicating the reasons for her refusal to provide the undersigned with a duly executed copy of the release. Instead, she has not participated in this litigation, and as result, the fifth factor weighs in favor of dismissal.

Accordingly, for the reasons stated herein, the five aforementioned factors weighs in favor of dismissing plaintiff's Complaint pursuant to FRCP Rule 41(b).

### III.      Dismissal is Warranted Pursuant to FRCP 37

Similarly, plaintiff's case should be dismissed pursuant to FRCP 37(b)(2) on the grounds that plaintiff failed to comply with five (5) Court Orders. *See* Docket Entry Number 18, Electronic Order dated July 12, 2021, Docket Entry Number 25, Docket Entry Number 27, Electronic Order dated August 26, 2021, and an Electronic Order dated October 8, 2021 respectively. Federal Rule of Civil Procedure 37 provides that where "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part…" FRCP 37(b)(2)(A). Dismissal is appropriate under Rule 37 when a party willfully disobeys court orders and fails to participate in discovery. *See*, *e.g.*, *Friends of Animals, Inc. v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997) (affirming Rule 37 dismissal where there was disobedience of discovery order); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) (dismissal appropriate where there is willful non-compliance with court order).

A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2)**,** and will only be reversed if its decision constitutes an abuse of discretion. *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied,* 111 S.Ct. 1454 (1991); *John B. Hull, Inc. v. Waterbury Petroleum Prods. Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1983); *Argo Marine Sys., Inc. v. Camar Corp.*, 755 F.2d 1006, 1015 (2d Cir. 1985)). Moreover, the factual findings upon which sanctions are based will not be disturbed unless they are shown to be "'clearly erroneous.'" *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir.

1989) (quoting *Inwood Lab. v. Ives Lab.*, 456 U.S. 844, 855, 102 S.Ct. 2182, 72 L.Ed.2d 606, 214 U.S.P.Q. (BNA) 1 (1982)).

Because plaintiff failed to comply with five Court Orders, dismissal is appropriate pursuant to FRCP Rule 37. Rule 37(b)(2) provides that if a party fails to obey an order to provide discovery, the Court may dismiss the action against the disobedient party. *See* FRCP 37(b)(2)(c); *Friends of Animals*, 131 F.3d at 334 ("A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices."). Indeed, plaintiff's blatant and willful disregard of multiple court orders, discovery and otherwise, warrant the severe sanction of dismissing his case, with prejudice.

### IV.    Conclusion

Defendants respectfully request that the Court dismiss the Complaint in its entirety, with prejudice, pursuant to FRCP 41(b) and 37(b)(2). Thank you for your consideration of this submission.

Respectfully submitted,

*Joshua Kaufman*

Joshua Kaufman
*Assistant Corporation Counsel*

cc:   **BY U.S. Mail**
Jaqueline Silver
Plaintiff *pro se*
P.O. Box 525
28 Maple Place
Manhasset NY 11030