Case 1:20-cv-03868-DG-ST   Document 62   Filed 03/13/23   Page 1 of 5 PageID #: 163



**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 Church Street
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LUCA DIFRONZO**
(212) 356-2354
ldifronz@law.nyc.gov
*Assistant Corporation Counsel*

March 13, 2023

**VIA ECF**
Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Jacqueline Silver v. City of New York,</u> 20-CV-3868 (DG) (ST)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of York, and the attorney for defendants Detective Michael Galgano and City of New York. Defendants write today to, for the second time, request dismissal of plaintiff's action pursuant to Fed. R. Civ. P. 41(b) and 37 in light of her failure to prosecute her case and total disregard of compliance with court orders.

    Specifically, despite no less than <u>eight</u> court orders directing plaintiff to provide a properly executed release unsealing plaintiff's criminal records, plaintiff continues in her unjustified recalcitrance regarding the release's execution, with no foreseeable end in sight. For reasons explained more fully herein, plaintiff has forfeited her opportunity to litigate these claims through her abject disregard of court mandates, and, accordingly, this case should be dismissed with prejudice under Fed. R. Civ. P. 41(b) and 37.[1]

---

[1] Simultaneous herewith, the undersigned submitted a motion seeking disposition under the same bases in plaintiff's companion case, <u>Silver v. Seel, 20-CV-6348</u> (DG) (ST). Because plaintiff has employed a similar pattern of dilatory recalcitrance in refusing to execute a § 160.50 release in both matters, the two motions significantly overlap, and may be best read in reference to one another.

1

## I.     Pertinent Background

On August 18, 2020, plaintiff brought this case, alleging claims of false arrest, malicious prosecution, and infliction of emotional distress in connection with plaintiff's arrest on August 17, 2017. (See ECF No. 1). Given the nature of her claims, defendants informed plaintiff that, to adequately respond to the allegations in her complaint, defendants required access to her sealed criminal records. This office then provided plaintiff with blank § 160.50 forms on three occasions, November 30, 2020, December 28, 2020 and February 22, 2021.

Defendant thereafter sought court intervention mandating the execution of the release on March 3, 2021, explaining that the document was necessary to respond to plaintiff's complaint. At a March 18, 2021 hearing, the Court—in plaintiff's absence, due to her failure to appear—ordered plaintiff to provide these releases no later than April 1, 2021.[2] (ECF No. 18).

That was the first time the Court ordered plaintiff to produce a properly executed § 160.50 release—but certainly not the last. Since, plaintiff has been ordered to produce the release no less than seven additional times—to wit, on July 12, 2021, July 20, 2021, August 10, 2021, August 12, 2021, August 26, 2021, September 23, 2022, November 22, 2022. (Minute Entry dated July 12, 2021; ECF No. 25; ECF No. 27; Minute Entry dated August 12, 2021; Minute Entry dated August 26, 2021; Minute Entry dated September 23, 2022; ECF No. 52; ECF No. 55). All of these orders included, in plain language,[3] a warning that the Court was prepared to recommend dismissal plaintiff's for failure to dismiss and/or noncompliance with court orders should she continue to defy the rulings.

Rather than heed these warnings, plaintiff tried everything to avoid these lawful orders. In denying plaintiff's June 29, 2021 filing seeking that the District Judge "intervene" in the case and vacate Judge Tiscione's prior order mandating the document's production, the Court let the order stand and reminded plaintiff that she must follow all Court orders—including those of a supervising magistrate. (Minute Entry dated July 9, 2021). Instead of complying with this order, plaintiff sought reconsideration by the District Court, then interlocutory relief by the Second Circuit—an effort which itself prolonged this case by over half a year—and, most recently, renewed reconsideration by the District Court. (ECF No. 30; Minute Entry August 26, 2021; ECF No. 36; ECF No. 58). None of these efforts have been successful, such that, almost two years after the Court first order plaintiff to produce a § 160.50, the case remains hopelessly deadlocked—all because of plaintiff.

## II.     Plaintiff Has Failed to Prosecute Her Case In Violation of Fed. R. Civ. P. 41(b)

Fed. R. Civ. P. 41(b) provides that [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

---

[2] A copy of the minute entry reflecting this order was sent to plaintiff via postal mail, such that she cannot claim to have been unaware of its requirements.

[3] By way of example of the Court's clear language, the Court's September 23, 2022 order provided that plaintiff "is expressly warned, once again, that if she fails to provide these releases and ignores yet another Order, this Court will recommend that both matters will be dismissed for failure to prosecute." (Minute Entry).

"The Second Circuit has stated that 'the primary rationale underlying dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently.'" Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) (quoting Lyell Theater Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)).

A plaintiff's pro se status does not alleviate her obligation to prosecute. Although pro se litigants should be afforded latitude, they must nonetheless inform themselves of basic procedural rules and how to comply with them, "especially when they can be understood without legal training and experience." Yadav v. Brookhaven Nat'l Lab., 487 F. App'x 671, 672 (2d Cir. 2012), citing Caidor v. Onondaga Cnty., 517 F.3d 601, 605 (2d Cir. 2008). Courts repeatedly have found that "dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Ayala v. Fid. Ins. Co., 2016 U.S. Dist. LEXIS 22091, at *3 (E.D.N.Y. Feb. 22, 2016).

The Second Circuit has laid out a five-factor analysis in motions made pursuant to Fed. R. Civ. P. 41(b) that accounts for: (1) the significance of the delay, (2) the existence of notice to the noncomplying party, (3) the degree of potential prejudice to the party seeking dismissal, (4) the balance between the need to alleviate court congestion and a party's opportunity to be heard, and (5) the consideration of lesser, alternative sanctions. See Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009); United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). While no singular factor is dispositive, U.S. ex rel. Pervez v. Maimonides Med. Ctr., 415 F. App'x 316, 317 (2d. Cir. 2011), here, all five factors militate strongly towards dismissal.

When considering the length of the delay, courts consider both the time of the delay and its source. See Drake, 375 F. 3d at 255. Here, the duration of plaintiff's delay warrants dismissal. See Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing cases dismissing after delays as short as three months); see also Lopez v. Catholic Charities of Archdiocese of New York, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing plaintiff's case after a delay of three months where the plaintiff failed to take any step in litigating the case for three months). This case began in August of 2020. Over two-and-a-half years later, this case has moved no further than it was at the date of plaintiff's filing—a period of time far longer than has been justified in dismissing similarly recalcitrant litigants' cases. Further, the unjustifiable delay in this case, which has prevented any meaningful progress after the filing of plaintiff's complaint, is solely attributable to plaintiff. On multiple occasions, this office, as well as the Court, has explained to plaintiff that, given the allegations in her complaint, defendants cannot respond to many assertions therein absent information exclusively contained in documents sealed by NYCPL § 160.50. Despite this knowledge, plaintiff remains steadfast in her intransigence, foreclosing any meaningful developments. The first factor, therefore, strongly supports dismissal.

The second factor also weighs in favor of dismissal because plaintiff has blatantly demonstrated her unwillingness to meaningfully participate in this lawsuit, despite knowing the potential consequences. By defendants' count, the Court has informed plaintiff of these possible ramifications at least seven times, as discussed above. These warnings have been both oral and written, and, as demonstrated above, both defendants and the Court have made painstaking efforts to ensure they "can be understood without legal training and experience." Yadav, 487 F. App'x at 672. Further, as the various objections and requests for reconsideration of the relevant orders

contain language evincing instant action is required to prevent her case's dismissal, plaintiff cannot argue that she did not understand the eventual outcome of her conduct (or lack thereof, as it may be).

Regarding the third factor, a "presumption of prejudice is particularly appropriate where… the plaintiff's delay was 'prolonged.'" William v. City of New York, 771 Fed. Appx. 94, 95 (2d Cir. 2019) (quoting Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999). Moreover, "when a plaintiff offers no reasonable excuse for the delay, prejudice to the defendant is presumed because, as litigation drags on, evidence can be lost and discovery becomes more difficult." Montanez-Garcia v. City of New York, 16 Civ. 6479 (LAP), 2018 U.S. Dist. LEXIS 106807, at *5-6 (S.D.N.Y. June 25, 2018). Here, defendants would face manifest prejudice in defending a case brought a plaintiff that has shown herself to be unconcerned with established court protocols regarding respect for judicial orders and basic document production.

So far, the Court, not to mention defendants, has spent time and effort managing this case without any indication that plaintiff intends to do the same. Denying the instant motion would burden the Court's already overcrowded docket with a case that plaintiff is intentionally complicating by failing to provide the undersigned with a copy of the release. The obligation to move a case to trial is on plaintiff, thus, "dismissal is warranted where there is a lack of due diligence in the plaintiff's prosecution of the lawsuit by plaintiff." West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). Any detrimental effect to plaintiff's opportunity to be heard was completely avoidable; had plaintiff complied with the courts' orders, she may very well have already been "heard" or otherwise obtained some form of relief. The balance between these two inquiries tips heavily towards the relief requested herein because the risk of further, unwarranted docket congestion is massive when compared to the self-inflicted injury, if any, to plaintiff's right to adjudication on the merits.

Finally, regarding the fifth factor, absent any indication that plaintiff intends to meaningfully engage in even the pleadings stage, a sanction less than dismissal would be ineffective. Plaintiff's numerous rationales for refusing to produce the release—including respect for a magistrate judge's authority and belief that the underlying criminal records are untruthful—are unlikely to evaporate after defendants file an answer or other responsive pleading to her complaint. In fact, if plaintiff is hesitant to unseal public records, efforts to obtain future discovery, especially information over which she has exclusive control, may very well be even more frustrating.

Accordingly, for the reasons stated herein, the five aforementioned factors weigh in favor of dismissing plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b).

### III.       Plaintiff's Conduct Warrants Dismissal Under Fed. R. Civ. P. 37.

Similarly, plaintiff's case is ripe for dismissal under Fed. R. Civ. P. 37(b)(2) because plaintiff has failed to comply with at least nine court orders mandating production of the relevant releases—to wit, the eight mentioned in the preceding section that provided notice of the repercussion of noncompliance, plus the initial order, which did not contain a similar written notice, issued at the March 18, 2021 status hearing. Fed. R. Civ. P. 37 provides that where "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending

may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part…" Fed. R. Civ. P. 37(b)(2)(A). Dismissal is appropriate under Rule 37 when a party willfully disobeys court orders and fails to participate in discovery. See, e.g., Friends of Animals, Inc. v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (affirming Rule 37 dismissal where there was disobedience of discovery order); Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) (dismissal appropriate where there is willful non-compliance with court order).

Because plaintiff failed to comply with numerous court orders—including those discussed above, not to mention those regarding the timeliness of submissions and appearance at hearing, dismissal is appropriate pursuant to Fed. R. Civ. P. 37. Rule 37(b)(2) provides that if a party fails to obey an order to provide discovery, the Court may dismiss the action against the disobedient party. See FRCP 37(b)(2)(c); Friends of Animals, 131 F.3d at 334 ("A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices."). Indeed, plaintiff's blatant and willful disregard of numerous court orders, discovery and otherwise, warrant the severe sanction of dismissing his case, with prejudice.

### IV. Conclusion

Since commencing this litigation, plaintiff has done little more than dig in her heels by refusing access to documents necessary to move this case beyond the pleadings stage, and, as a result, this litigation has been at a standstill since early 2021—an unjustifiable delay caused exclusively by plaintiff's disregard for court orders. Accordingly, the Court should grant this request for dismissal of this case with prejudice under Fed. R. Civ. P. 41(b) and 37.

Thank you for your consideration in this matter.

Respectfully Submitted,

_Luca Difronzo_
Luca Difronzo
Attorney for Defendants
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2354
ldifronz@law.nyc.gov

cc: **BY U.S. Mail**
Jaqueline Silver
Plaintiff *pro se*
P.O. Box 525
Manhasset NY 11030