UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JACQUELINE SILVER

                               Plaintiff,         **REPORT AND RECOMMENDATION**

  -against-                          **Case Nos. 20-cv-03868-DG-ST**
                                                        **20-cv-06348-DG-ST**

THE CITY OF NEW YORK, et al.

                              Defendants.
-------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

Plaintiff Jacqueline Silver ("Plaintiff") brought actions alleging, among other things, violations of 42 U.S.C. § 1983 against Defendants The City of New York and NYPD Detective Michael Galgano, Shield Number 3292 individually, *see* Case No. 1:20-cv-03868-DG-ST, and Defendants the City of New York and NYPD Detective John Seel as an individual and Police Officer at 109 Precinct, *see* 20-cv-06348-DG-ST.[1]  Defendants filed a Motion to Dismiss for Lack of Prosecution ("Motion") in both actions.

The Honorable Diane Gujarati referred Defendants' Motion in both actions to the undersigned to issue a Report and Recommendation.

For the reasons set forth below, this Court recommends that the District Court grant Defendants' Motion in both actions in its entirety.

---

[1] Given the substantial overlap between Plaintiff's two actions, the Court will address both actions in this single Report and Recommendation and cross reference each action as needed.  Additionally, the Court also notes that the City of New York has since been terminated as a Defendant in Case No. 20-cv-06348, *see* ECF 4, but remains on the docket as an Interested Party.

1

I.     BACKGROUND

1. *Case No. 20-cv-03868-DG-ST*

On August 18, 2020, Plaintiff filed her Complaint alleging, among other things, claims of false arrest, malicious prosecution, and infliction of emotional distress in relation to Plaintiff's arrest on August 17, 2017.  *See* Pl. Compl. at 4-5, ECF 1.  Defendants' Motion asserts that "[g]iven the nature of [Plaintiff's] claims, Defendants informed Plaintiff that, to adequately respond to the allegations in [Plaintiff's] Complaint, Defendants required access to [Plaintiff's] sealed criminal records."  *See* Mot. at 2, ECF 62.  Defendants further assert that they then provided Plaintiff with blank § 160.50 release forms to obtain such access on the following three occasions: November 30, 2020, December 28, 2020 and February 22, 2021.  *Id.*

On March 3, 2021, Defendants sought intervention from the Court via a Second Motion for Extension of Time to File an Answer and reiterated that the NYCPL §§ 160.50 and 160.55 ("Releases") were necessary to respond to Plaintiff's Complaint.  *See* ECF 16.[2]

On March 18, 2021, this Court held a hearing regarding the Releases, but Plaintiff failed to appear.  *See* ECF 18.[3]  Hence, this Court ordered Plaintiff to provide the Releases no later than April 1, 2021 "so that sealed records pertaining to the claims in this matter can be obtained."  *Id.*[4] However, Plaintiff failed to comply and did not provide the Releases.

Since this Court's hearing on March 18, 2021, the Court has ordered Plaintiff to produce the properly executed Releases at least *seven* additional times to date.  The dates include: July 12, 2021, July 20, 2021, August 10, 2021, August 12, 2021, August 26, 2021, September 23, 2022,

---

[2] Note, sometimes various ECF entries or Defendants' Motion papers only refer to NYCPL § 160.50 releases, and other times mention § 160.55 releases as well.  This Court's analysis *infra* covers all the Releases at issue.
[3] Note, the Minute Entry is dated March 19, 2021, but the hearing was held on March 18, 2021.
[4] Defendants also note that they mailed a copy of this Court's March 19, 2021 Minute Entry noted above to Plaintiff via postal mail, meaning Plaintiff cannot claim to be unaware of this Court's directives.  *See* Mot. at 2 n.2, ECF 62.

and November 22, 2022. *See* Status Report Order, dated July 12, 2021; ECF 25 (Order to Show Cause, dated July 20, 2021); ECF 27 (Minute Entry for Show Cause Hearing held on August 6, 2021)[5]; Text Order, dated August 12, 2021; Text Order, dated August 26, 2021; Text Order, dated September 23, 2022; ECF 52 (Minute Entry for telephone Conference held on November 22, 2022).[6]

Importantly, all of the Court's orders warned that the Court was prepared to recommend dismissal for Plaintiff's failure to comply. For example, this Court's Order on September 23, 2022 provided that: "Plaintiff is expressly warned, once again, that if she fails to provide these releases and ignores yet another Order, this Court will recommend that both matters be dismissed for failure to prosecute." Moreover, this Court *again* warned Plaintiff regarding potential dismissal on December 27, 2022, *see* ECF 55 (Text Order), and stated that "this Court will be preparing a Report and Recommendation to dismiss this case for failure to comply with Court Orders."

Rather than comply, Plaintiff filed various motions/requests to the Court. Specifically, the District Court denied Plaintiff's Motion for the District Court to "intervene" with this Court's orders. *See* ECF entry dated July 9, 2021 (Text Order). Next, Plaintiff subsequently sought reconsideration by the District Court, then interlocutory relief from the Second Circuit and then, once again, reconsideration by the District Court. *See* ECF 30 (Plaintiff's Motion for Reconsideration); ECF entry dated August 26, 2021 (Text Order); ECF 36 (Notice of Interlocutory Appeal); ECF 58 (Letter to District Court declining to produce the § 160.50 release forms).[7]

On March 13, 2023, Defendants filed the instant Motion to Dismiss this action based upon Plaintiff's failure to prosecute. *See* ECF 62.

---

[5] ECF 27 is dated August 10, 2021, but the Show Cause hearing took place on August 6, 2021.
[6] ECF 52 is dated November 28, 2022, but the telephone conference took place on November 22, 2022.
[7] Note, the District Court rejected Plaintiff's letter application on August 7, 2023. *See* ECF entry dated August 7, 2023 (Text Order).

On August 7, 2023, the District Court referred the instant Motion to the undersigned to issue a Report and Recommendation.  *See* ECF entry dated August 7, 2023 (Text Order).

On August 28, 2023, instead of complying with this Court's numerous previous Orders, Plaintiff filed yet another motion seeking to delay or avert production of the releases, which contained virtually identical arguments to Plaintiff's previous applications to the Court.[8]  To date, more than two-and-a-half years after she was first ordered to produce the signed releases, Plaintiff still has not provided them.

2. *Case No. 20-cv-06348-DG-ST*[9]

On December 21, 2020, Plaintiff filed her Complaint seeking relief, among other things, under 42 U.S.C. § 1983 for an allegedly wrongful arrest against Defendant NYPD Detective John Seel, effectuated on December 21, 2017.  *See* ECF 1 at 4-5.[10]  Defendants subsequently sought Court intervention on May 3, 2021, and asserted that Defendants could not respond to Plaintiff's complaint unless Plaintiff executed NYCPL §§ 160.50 and 160.55 releases.  *See* ECF 11 (Second Motion for Extension of Time to File Answer).

Based upon the above, on May 6, 2021, this Court ordered Plaintiff to produce the Releases by May 21, 2021.  *See* ECF entry dated May 6, 2021 (Text Order).  However, Plaintiff failed to comply with this Court's Order.  *See* ECF 14 (Status Report).

---

[8] Note, on August 25, 2023, this Court ordered Defendants to provide a status report by August 29, 2023, confirming that Plaintiff did not produce the Releases to date.  While Defendants did not file the status report, Plaintiff's Motion for Extension of Time concedes that the Releases were not produced.  *See* ECF entry dated August 25, 2023 (Status Report Order); ECF 64 (Plaintiff's Motion for Extension of Time).

[9] As Defendants' Mot. at 1 n.1 provides, Defendants "submitted a motion seeking disposition under the same bases in Plaintiff's companion case, *Silver v. Seel,* 20-cv-06348 (DG) (ST) [discussed below]."  For comprehensiveness, the Court will outline the procedural history in Case No. 20-cv-06348, despite the similarity to Case No. 20-cv-03868 discussed *supra*.  The Court will cross reference and/or repeat key events as needed.

[10] As noted *supra*, Plaintiff also sued the City of New York.  While the District Court terminated the City of New York as a party to this case on January 12, 2021, *see* ECF 4, the City of New York remains as an Interested Party.

On June 11, 2021, Plaintiff failed to attend another conference. *See* ECF 17 (Minute Entry).[11] Hence, this Court issued another Order directing Plaintiff to provide the Releases to Defendants by July 9, 2021, and warned Plaintiff that "her continued failure to comply with Court orders and participate in the case may result in sanctions, up to and including potential dismissal of this action for failure to prosecute." *Id.*

As discussed *supra*, but noted again since it pertains to *both* actions, Plaintiff then filed a letter on June 29, 2021, in her companion case, *Silver v. Galgano and the City of New York*, 20-CV-3868, for the District Court to intervene in both cases, which the District Court denied on July 9, 2021. *See* ECF entry dated July 9, 2021 (Text Order) in Case No. 20-CV-3868. Three days later, on July 12, 2021, this Court ordered Defendants to provide a status report by July 19, 2021, stating whether Plaintiff had provided properly executed releases. *See* ECF Entry dated July 12, 2021 (Status Report Order) in Case No. 20-CV-3868. This Court further warned that "[i]f Plaintiff has still not complied with the Court's previous Orders, a date for Defendants to file a motion to dismiss in accordance with the District Court's rules will be set." *Id.*

Turning back to Case No. 20-cv-6348-DG-ST, after Plaintiff did not comply in the companion case, this Court issued an Order to Show Cause and directed Plaintiff to attend a conference on August 6, 2021. *See* ECF 23 (Order to Show Cause). However, Plaintiff again failed to attend. *See* ECF entry dated August 10, 2021 (Minute Entry).[12]

Plaintiff then proceeded to file a Motion for Reconsideration, and then, after that motion was denied, a Request for Interlocutory Relief, which was dismissed on June 16, 2022. *See* ECF 27 (Motion for Reconsideration); ECF entry dated September 30, 2021 (Order denying Motion for

---

[11] Note, the Minute Entry is dated June 14, 2021, but the conference took place on June 11, 2021.
[12] Note, the conference took place on August 6, 2021, but the Minute Entry is dated August 10, 2021.

5

Reconsideration); ECF 31 (Notice of Interlocutory Appeal); ECF 32 (Mandate of USCA Dismissing Appeal).[13]

On September 23, 2022, this Court issued yet another Order directing Plaintiff to execute the required Releases and stated that: "Plaintiff is expressly warned, once again, that if she fails to provide these releases and ignores yet another Order, this Court will recommend that both matters be dismissed for failure to prosecute." *See* ECF 39 (Text Order).[14] Again, Plaintiff failed to comply.

On March 13, 2023, Defendants filed the instant Motion to Dismiss for Lack of Prosecution. *See* ECF 48.

On August 7, 2023, the District Court referred the instant Motion to the undersigned for a Report and Recommendation. *See* ECF entry dated August 7, 2023 (Text Order).

On August 28, 2023, Plaintiff filed yet another motion seeking to delay or avert production of the releases, which contained virtually identical arguments to Plaintiff's previous applications to the Court. To date, more than two-and-a-half years after she was first ordered to produce the signed releases, Plaintiff still has not provided them in this action either.

## II.    JURISDICTION

This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

---

[13] Note Plaintiff's Request for Interlocutory Relief was also dismissed in the companion case. *See* ECF 40 in 20-cv-03868.

[14] As discussed *supra*, this Court entered the same Order in Plaintiff's other related action as well. *See* ECF entry dated September 23, 2022 in Case No. 20-cv-03868.

6

### III. DISCUSSION

#### A. This Court Concludes That Dismissal for Failure to Prosecute is Proper Under Fed. R. Civ. P. 41(b)

This Court recommends that both of Plaintiff's Complaints be dismissed under Fed. R. Civ. P. 41(b) ("Rule 41(b)") for Plaintiff's failure to prosecute. Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "The Second Circuit has stated that '[t]he primary rationale underlying dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently.'" *Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997), *aff'd*, 152 F.3d 917 (2d Cir. 1998) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Moreover, while pro se litigants, like Plaintiff here, deserve some latitude, they must still inform themselves of basic procedural rules and attempt to comply with them, "especially when they can be understood without legal training and experience." *See Yadav v. Brookhaven Nat. Lab'y*, 487 F. App'x 671, 672 (2d Cir. 2012) (citing *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008)). Finally, "[c]ourts have repeatedly found that 'dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives.'" *See Ayala v. Fid. Ins. Co.*, No. 14CV3392LDHARL, 2016 WL 11659978, at *1 (E.D.N.Y. Feb. 22, 2016), *report and recommendation adopted sub nom. Ayala v. Fid. Nat'l Ins. Co.*, No. 14CV3392LDHCLP, 2016 WL 11659977 (E.D.N.Y. Mar. 23, 2016) (citing *Robinson v. Sposato*, No. 13 CV 3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (collecting cases)).

The Second Circuit has established a five-factor analysis for Rule 41(b) motions (sometimes referred to as the "*Drake* factors"). *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The "*Drake* factors" examine whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id*; *see also Corrow v. Romano*, No. 222CV02005NRMLGD, 2023 WL 5596310, at *1 (E.D.N.Y. Aug. 29, 2023) (same). "In making use of this test, [n]o one factor is dispositive, and ultimately [the Court] must review the dismissal in light of the record as a whole." *Lewis*, 564 F.3d at 576 (quotations and citations omitted). Here, this Court agrees with Defendants that all five factors favor dismissal, and the Court will examine each factor in turn.

  1. *Plaintiff's Failure to Prosecute Caused a Delay of Significant Duration*

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *See Drake*, 375 F. 3d at 255. This Court will address these in reverse and concludes both warrant dismissal.

First, while "[t]here is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," multiple cases have held that "[d]elays of several months have been found to warrant dismissal." *See Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (collecting cases). Indeed, dismissal may be proper after as few as three months. *Id.; see also Lopez v. Cath. Charities of Archdiocese of New York*, No. 00 CIV. 1247 (AGS), 2001 WL 50896, at *3 (S.D.N.Y. Jan. 22, 2001) (dismissing case under Rule 41(b) where plaintiff "failed to take *any* steps to prosecute this action for at least three months.") (emphasis in original). Importantly, the duration of Plaintiff's delay in both actions here far exceeds a mere "several months." Plaintiff's Complaint was filed on August 18, 2020 in Case No. 20-cv-03868 and December 21, 2020 in 20-cv-06348. She was provided with the releases and

8

asked to execute them by Defendants on multiple occasions. After her continued refusal, Defendants finally sought Court intervention and Plaintiff was initially ordered to produce the releases on March 18, 2021. Since the releases are needed to obtain even the most basic information about the arrests underlying Plaintiff's claims for relief, Plaintiff's failure to produce them has resulted in a delay of more than *three years* in one case and almost as long in the second.

Additionally, the record shows that the cause of the delay stems from Plaintiff's inaction alone. Indeed, this Court has informed Plaintiff on numerous occasions that Defendants cannot adequately respond to Plaintiff's Complaint without Plaintiff first producing the Releases. *See, e.g.*, ECF Entry dated September 23, 2022 (Text Order) in Case No. 20-cv-03868 and ECF 39 in 20-cv-06348. Yet, rather than comply with this Court's orders in both actions, Plaintiff instead has made motion after motion discussed *supra* seeking extensions or other applications. In fact, Plaintiff's inaction is even more apparent in the most recent filing in each case where Plaintiff *again* has sought a Motion for Extension of Time to produce sealed releases that does nothing more than regurgitate the same arguments that have repeatedly been rejected by this Court, the District Court and ultimately, the Second Circuit. *See* ECF 64 in Case No. 20-cv-03868 and ECF 50 in Case No. 20-cv-06348.[15] Hence, the first *Drake* factor *of delay of significant duration* strongly supports dismissal.

2. *Plaintiff Was Given Notice That Further Delay Would Result in Dismissal*

This Court concludes the second *Drake* factor also supports dismissal because this Court has repeatedly notified Plaintiff in both actions that Plaintiff's failure to produce the sealed releases would result in dismissal. Although pro se litigants are afforded some liberties due to their lack

---

[15] Based upon the above discussion and analysis *infra* regarding the other *Drake* factors, plus the separate basis for recommending dismissal under Fed. R. Civ. P. 37 *infra*, this Court also recommends that the District Court deny Plaintiff's latest Motion for Extension of Time to produce sealed releases in both actions.

of legal training, they must still attempt to comply with procedural rules "especially when they can be understood without legal training and experience." *See Yadav*, 487 F. App'x at 672 (citing *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008)). Here, this Court notified Plaintiff as early as the June 14, 2021 Order that Plaintiff's case may be dismissed if Plaintiff continued to ignore this Court's directive to produce the Releases. *See* ECF 17 (Minute Entry) in Case No. 20-cv-06348. Notably, the Court then informed Plaintiff of the risk of dismissal at least *four more times* in the same action. *See* ECF entry dated July 12, 2021 (Status Report Order); ECF 23 (Order to Show Cause, dated July 23, 2021); ECF entry dated August 12, 2021 (Text Order); ECF 39 (Order).

Likewise, as discussed *supra*, the Court has provided the same notice to Plaintiff at least *seven times* in Case No. 20-cv-03868.[16] Thus, this Court concludes that given the Court's *twelve warnings* in total to Plaintiff, the second *Drake* factor strongly supports dismissal as well.

3. *Defendants Are Likely to Be Prejudiced by Further Delay*

This Court concludes that Defendants are likely to be prejudiced by further delay absent dismissal. A "presumption of prejudice is particularly appropriate where. . . the plaintiff's delay was 'prolonged.'" *See William v. City of New York*, 771 F. App'x 94, 95 (2d Cir. 2019) (quoting *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999)). "[W]hen a plaintiff offers no reasonable excuse for the delay, prejudice to the defendant is presumed because, as litigation drags on, evidence can be lost and discovery becomes more difficult." *Montanez-Garcia v. City of New York*, 2018 U.S. Dist. LEXIS 106807, *5-6 (S.D.N.Y. June 25, 2018) (citing *Sanders v. Doe*, No.

---

[16] The dates include: July 12, 2021, July 20, 2021, August 10, 2021, August 12, 2021, August 26, 2021, September 23, 2022, and November 22, 2022. *See* Status Report Order, dated July 12, 2021; ECF 25 (Order to Show Cause, dated July 20, 2021); ECF 27 (Minute Entry for Show Cause Hearing held on August 6, 2021); Text Order, dated August 12, 2021; Text Order, dated August 26, 2021; Text Order, dated September 23, 2022; ECF 52 (Minute Entry for telephone Conference held on November 22, 2022).

05 CV 7005 (RJS), 2008 U.S. Dist. LEXIS 40515, at *12 (S.D.N.Y. May 8, 2008)). More specifically, "[w]here a plaintiff has become inaccessible for *months at a time*, courts presume prejudice." *See Caussade v. United States*, 293 F.R.D. at 630 (collecting cases) (emphasis added).

Here, this Court concludes that Defendants will likely be prejudiced by further delay absent dismissal because, as Defendants highlight, Plaintiff has "shown herself to be unconcerned with established court protocols regarding respect for judicial orders and basic document production." *See* ECF 62 at 4 in Case No. 20-cv-03868 and ECF 48 at 3-4 in Case No. 20-cv-06348. Again, as discussed *supra*, any delay in both actions to date has solely been caused by Plaintiff for close to three years, which has continued to prejudice Defendants in preventing them from even answering the Complaint. Therefore, this Court concludes that the third *Drake* factor also supports dismissal.

4. *The Need to Alleviate Court Calendar Congestion Supports Dismissal When Carefully Balanced Against Plaintiff's Right to An Opportunity for a Day in Court*

This Court further concludes dismissal is warranted after carefully balancing expediency and the rights of the Plaintiff. The fourth *Drake* factor asks whether the court has struck the proper "balance" between alleviating excess cases on the docket with the litigant's right to be heard. Courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [her] case." *See Caussade*, 293 F.R.D at 631. "The Second Circuit has cautioned that [a] court must not let its zeal for a tidy calendar overcome its duty to do justice." *Id.* at 631 (quotations and citations omitted). "Nonetheless, fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources may require a district court to dismiss a case pursuant to Rule 41(b)." *Id.* (quotations and citations omitted). Finally, "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y.

11

1990) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).

Here, the procedural posture in both actions shows that any delay in Plaintiff's opportunity to be heard in court was self-inflicted. Indeed, this Court agrees with Defendants that "[a]ny detrimental effect to Plaintiff's opportunity to be heard was *completely avoidable*; had plaintiff complied with the courts' orders, she may very well have already been 'heard' or otherwise obtained some form of relief." *See* ECF 62 at 4 in Case No. 20-cv-03868 and ECF 48 at 4 in Case No. 20-cv-06348 (emphasis added). To date, Plaintiff has continuously ignored this Court's previous orders discussed *supra*, plus any attempts by Defendants to privately contact Plaintiff regarding the Releases. Thus, this Court concludes that the fourth *Drake* factor supports dismissal.

5. *The Court Adequately Assessed the Efficacy of Lesser Sanctions*

Finally, this Court also concludes that the fifth factor, the adequacy of lesser actions, also supports dismissal. "The final factor pertains to whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay." *Caussade*, 293 F.R.D. at 631 (quotations and citations omitted). Notably, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Id.* (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)).

Here, Plaintiff's words speak for themselves in her most recent filings in each action where Plaintiff underscored her present intention to not produce the Releases. Specifically, Plaintiff stated that: "It is not that I am not complying. I *just feel that it is not in my best interest nor is it beneficial* to produce them and could be detrimental to my case." *See* ECF 64 in Case No. 20-cv-03868 and ECF 50 in Case No. 20-cv-06348 (emphasis added). Furthermore, Plaintiff's current statements of noncompliance in both cases occurred after the Court's previous *twelve warnings* to

12

Plaintiff about potential dismissal noted *supra*. In short, Plaintiff has provided no indication to date that she *ever* plans to meaningfully engage in the pleadings stage of litigation for her own lawsuits.

Additionally, this Court also agrees with Defendants that "if Plaintiff is hesitant to unseal public records, efforts to obtain future discovery, especially information over which she has exclusive control, may very well be even more frustrating." *See* ECF 62 at 4 in Case No. 20-cv-3868 and ECF 48 at 4 in Case No. 20-cv-6348. Hence, this Court concludes that no lesser sanction besides dismissal would be sufficient here.

Per the above analysis of the *Drake* factors, this Court recommends that the District Court dismiss both of Plaintiff's actions under Rule 41(b) for failure to prosecute.

### B. This Court Also Recommends Dismissal Under Fed. R. Civ. P. 37(b)(2)

This Court also recommends dismissal under the independent basis of Fed. R. Civ. P. 37(b)(2) ("Rule 37(b)(2)").[17] Rule 37 provides that where "a party. . . fails to obey an order to provide or permit discovery. . . the court where the action is pending may issue further just orders. They may include. . . dismissing the action or proceeding in whole or in part. . ." *See* Rule 37(b)(2)(A). Moreover, the Second Circuit has held that dismissal with prejudice may be proper under Rule 37(b) when a party willfully disobeys court orders and fails to participate in discovery. *See, e.g.*, *Friends of Animals Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 333-34 (2d Cir. 1997) (affirming Rule 37(b) dismissal where plaintiffs disobeyed discovery order and Magistrate Judge "had warned plaintiffs' counsel on *at least five separate occasions* that continued misconduct would risk 'drastic sanctions,' including dismissal of the complaint.") (emphasis added); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) ("The record in this case amply

---

[17] Although dismissal under Rule 41(b) and the *Drake* factors alone is sufficient, the Court also provides its analysis of dismissal under Rule 37(b)(2) for the sake of completeness.

demonstrates Baba's *repeated defiance* of the district court's orders and fully supports the court's finding that her actions were 'willful,' and therefore warranted dismissal.") (emphasis added). Likewise, the EDNY has found dismissal appropriate under Rule 37(b)(2) where Plaintiff failed to comply with the Court's orders pertaining to discovery when "plaintiff was expressly warned of the consequences of noncompliance. . ." *See Dungan v. Donahue*, No. 12 CV 5139 ILG RLM, 2014 WL 2941240, at *5 (E.D.N.Y. June 30, 2014) (citing cases for same proposition).[18]

Here, this Court warned Plaintiff well beyond "five separate occasions" and Plaintiff still showed "repeated defiance" to this Court's numerous Orders. Additionally, Plaintiff failed to appear at multiple hearings discussed *supra* which prejudiced Defendants. *See Friends of Animals Inc.*, 131 F.3d at 334 ("A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices."). Thus, this Court recommends that the District Court use its "broad power" to dismiss Plaintiff's Complaint in both actions under Rule 37(b)(2) as well.

## IV.    CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted in its entirety in both actions.

## V.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-

---

[18] Note, *Dungan* is also relevant because the EDNY found dismissal appropriate under *both* Rule 37(b) and Rule 41(b), which matches this Court's recommendation here. *See Dungan*, 2014 WL 2941240, at *5.

CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

  /s/ Steven Tiscione
Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
September 12, 2023